## No. 13,648.

### Denver and Rio Grande Western Railroad Company et al. *v.* Town of Castle Rock et al.

(62 P. [2d] 1164)

Decided November 9, 1936.

Mr. T. R. Woodrow, Messrs. Devine, Preston & Storer, Mr. Fred S. Caldwell, Mr. J. M. Taylor, for plaintiffs in error.

Mr. Paul P. Prosser, Attorney General, Mr. Richard E. Conour, Assistant, for defendants in error.

Messrs. Grant, Ellis, Shafroth & Toll, amici curiae.

*En Banc.*

Mr. Justice Bouck delivered the opinion of the court.

The plaintiffs in error, including certain taxpayers within the town of Castle Rock, filed—in a case wherein one M. E. Hyde was sole plaintiff and the town was sole defendant—a petition to set aside a money judgment previously recovered therein by Hyde. The present proceedings in error seek to reverse the denial of that petition. The judgment so sought to be set aside is the judgment referred to in *A., T. & S. F. Ry. Co. v. Com'rs,* 95 Colo. 435, 37 P. (2d) 761, *q. v.*

The petition was based upon the ground of alleged fraud on the part of Hyde and of the mayor and the trustees of the town. The mayor and the trustees were not parties to the action. Neither were the taxpayers who are now plaintiffs in error here. We need not go into the question whether, after entry of a final judgment against a municipality, a taxpayer would have a right to file in the original case such a petition as this, which might of course properly be done by an original party to a judgment. In other words, it is not necessary to decide what would have been a proper procedure here to constitute a permissible attack upon the judgment.

█ █ It is conceded by counsel that the original judgment was not void. The contention is merely that it was voidable and that the district court erred in not sustaining the aforesaid petition aiming at a judicial declaration of the invalidity of the judgment. Inasmuch as the record affirmatively shows that the very judgment sought to be set aside has been regularly funded under an appropriate statute, and that funding bonds have been

duly issued, it is apparent that the judgment upon which the funding bonds rest cannot be set aside by a court without having before it—as parties to the action—holders of the bonds. They are entitled to their day in court. A bona fide purchaser of the bonds without notice of fraud in the basic judgment has a vested property interest of which he cannot be deprived.

■ The record shows that the entire bond issue in the present instance is held by the State of Colorado as trustee for the state school fund. This court, which has invariably lent its protection to that fund as a thing to be kept inviolate for the benefit of our school children, will not directly or by indirection give its assistance to a collateral attack upon it. The sovereign state could not be sued in the present connection unless express authority were given by the General Assembly. This has not been done.

■ However, it is contended that, even though the state cannot be summoned as a party, the judgment may be set aside in order that the municipal officers alleged to have committed fraud upon the town and its taxpayers may be proceeded against. They were not parties to the judgment. They are claiming nothing under it. It is not made clear how it could then be necessary or desirable to set aside the judgment in order to proceed against the officers on any conceivable civil or criminal cause of action. The judgment does not bar such proceedings. The fact remains that the judgment has been merged in the bonds and has no further efficacy apart from them. No execution could issue on the judgment as such, and no tax levy could be made by virtue of it.

It is incidentally disclosed by the record that the State of Colorado paid the full par value of the bonds.

From the foregoing it follows that the district court was right in denying the petition to set aside the original judgment. We omit taking cognizance of various technical objections which were interposed by the defendants in error for the obvious purpose of showing that the

plaintiffs in error have no standing in court. This we do regardless of the possible merits of those objections. Our conclusion on the main issue renders needless any discussion of them.

 The lower court also properly sustained the demurrer interposed to the amended petition herein by the State Board of Land Commissioners, which the plaintiffs in error sought to bring in as an additional defendant in error on the theory that they could thereby bind the state. In the light of what we have said, this could not be done in the circumstances of the present case.

Judgment affirmed.

MR. CHIEF JUSTICE CAMPBELL, MR. JUSTICE BUTLER and MR. JUSTICE BURKE dissent.

MR. JUSTICE BUTLER dissenting.

I am unable to concur in the decision or in the opinion in support thereof.

On November 7, 1931, in the case of M. E. Hyde v. Town of Castle Rock, judgment was rendered in favor of Hyde for $27,112.50, the town having consented to the entry thereof. On April 11, 1932, the Denver and Rio Grande Western Railroad Company, a taxpayer, the Board of County Commissioners of Douglas County, and George P. Stewart and O. P. West, taxpayers, for themselves and on behalf of all taxpayers in said town, filed a petition to vacate said judgment and for permission to file an answer for and on behalf of the town and to defend the action.

The Hyde suit was based upon certain certificates of indebtedness issued by the town and alleged by Hyde to have been assigned to her for a valuable consideration. The petition alleges the falsity of all material allegations of the complaint, and charges that the action was brought by Hyde and the judgment therein was confessed and entered pursuant to a conspiracy between the town and one Joseph D. Grigsby. It alleges that the

town illegally issued and guaranteed the payment of certain sanitary sewer special assessment bonds; that thereafter the conspiracy was formed; that in pursuance of the conspiracy, the town pretended to purchase the bonds from the "special improvement district"; that the transaction was without consideration; that the town illegally issued and delivered to Grigsby the certificates of indebtedness sued upon; that they were issued and delivered without any consideration, and for the purpose of misrepresenting to the court and as a pretense that the town had received the sum of $27,000; that Grigsby caused to be prepared and filed the complaint in the Hyde action; that Hyde was not the real party in interest, but a mere "dummy" in the employ of Grigsby; that the allegations in the complaint were well known to be false; that the town filed an answer admitting the truth of the false matters alleged in the complaint and confessed judgment, which accordingly was rendered in favor of Hyde; that the transactions constituted a fraud upon the court and upon the town and its taxpayers; that the town authorities "are parties to the injuries" sought to be redressed and any demand upon them to move for the vacation of the judgment would be futile.

To the petition the town filed an answer consisting of denials and affirmative allegations. The answer alleges matters to relieve itself of the charges of bad faith and conspiracy. It also interposes a plea to the jurisdiction, in which it is alleged that the judgment sought to be set aside was funded or paid by the issuance of bonds; that said bonds are held by the state of Colorado; that the state has not been made a party to the proceeding, and that the court therefore is without jurisdiction to entertain the petition and give the petitioners the relief prayed for.

The trial court overruled petitioners' demurrer to the town's answer, petitioners stood upon their demurrer, and the court rendered judgment denying the relief sought by petitioners. The court held that it had no

jurisdiction to set aside the judgment because the state of Colorado, the holder of all the funding bonds, was not a party to the proceeding.

1. The funding bonds were purchased with money constituting a part of the public school fund of the state. The State Board of Land Commissioners was made a party to the petition and it is contended that that is equivalent to making the state a party. That contention is without merit. Section 3, article IX of the state Constitution provides: "* * * The state treasurer shall be the custodian of this fund, and the same shall be securely and profitably invested as may be by law directed. * * *" Section 8298 of Compiled Laws of 1921 provides: "All school funds of the state, whether permanent or income, unless otherwise disposed of by law, shall be invested as *directed* by the state board of land commissioners: * * * Fifth—In bonds of the several counties, cities, town or city, and city and counties of the state of Colorado. * * *" When the bonds were purchased under the direction of the board, they were paid for, not by the board, but by the state treasurer to whom they were delivered and by whom they are held as custodian of the public school fund of the state. The board's duties with reference to the public school fund of the state are clearly defined and limited. The board is not, and never was, the holder of the bonds. After directing the purchase of the bonds, the board's duties and powers with reference thereto were ended.

2. It is unnecessary to determine at this time what, if any, effect the granting of the petition would have upon the funding bonds held by the state. The petitioning taxpayers allege that the town, through its officers, committed a fraud upon the court, the town and the taxpayers, in consenting to the entry of a judgment in an action to which there existed a valid defense. They do not seek a cancellation of the funding bonds issued, but merely ask that the judgment be vacated and that they be permitted to defend the action. They have a right to

that relief if their allegations are sustained by proof, for if it should judicially be determined that the officers have committed a fraud, as alleged, the town, or the taxpayers in its behalf, could, in an appropriate action proceed against those who were parties to the fraud. The order setting aside the judgment would not be res adjudicata against the state. In a suit to recover on the bonds the rights of the state could be considered and determined. The right of petitioners to have the question of fraud determined as between them acting in the town's behalf, and those committing such fraud, if any, and thereafter, in behalf of the town, to proceed against the wrongdoers if the state, as an innocent purchaser, should recover judgment on the bonds, cannot be defeated by the sale of the bonds to the state.

I respectfully submit that the judgment should be reversed.

MR. CHIEF JUSTICE CAMPBELL and MR. JUSTICE BURKE concur in this dissenting opinion.